```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT
```

KENNETH BUSH                         :
                                     :
     v.                              :
                                     :     Civil No. 1:05CV108
ALBERTO GONZALES, in his             :
official capacity as United          :
States Attorney General              :
_____        :


             RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                              (Paper 7)

Background

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has an initial burden of informing the Court of the basis for his motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Trans., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial. See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

                                    1

Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried.  See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the moving party's favor.  Id.  "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

Based on the parties' submissions, the Court finds the following material facts undisputed.  Plaintiff Kenneth Bush was a court security officer (hereinafter "CSO") employed by AKAL Security, Inc. (hereinafter "AKAL"), a company which is under contract with the United States Marshals Service (hereinafter "USMS") to provide security services for the federal courthouse in Burlington, Vermont.  In August 2002, reviewing physicians

determined the plaintiff's hearing tests indicated a decreased ability to hear soft sounds and distinguish speech, thereby posing a risk to the safety of other law enforcement officers and the public.  The Judicial Security Division of the USMS recommended his medical disqualification, and, as a result, AKAL dismissed the plaintiff from his CSO position.

In October 2003, Mr. Bush joined as a plaintiff in a lawsuit filed in the United States District Court for the District of Idaho entitled Strolberg v. AKAL Security, Inc.  Mr. Bush and other former and present CSOs claimed they were subject to wrongful termination in violation of a variety of federal and state laws, including the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

The Strolberg plaintiffs alleged, inter alia, "Class Members were each physically and medically qualified for their employment as court security officers at the time of their employment," Strolberg Complaint (appended as Ex. 1 to Paper 8) at ¶ 19, but were terminated for pretextual medical reasons, including "hearing requirements," Strolberg Complaint at ¶ 43.  Substantively, the causes of action alleged in the Second Amended Complaint in Strolberg are virtually the same as those set forth in the Complaint filed in this action.

3

The <u>Strolberg</u> court addressed the class's causes of action in three separate decisions.  <u>See</u> <u>generally</u> Paper 8 at Exs. 3, 4 and 5.  On August 12, 2003, the court dismissed the class's breach of contract claims.  <u>See</u> Ex. 3  On February 18, 2004, the court dismissed the class's Back Pay Act and Federal Tort Claims Act claims.  <u>See</u> Ex. 4.  Lastly, on January 19, 2005, the court resolved all remaining class claims by, <u>inter</u> <u>alia</u>, dismissing the plaintiffs' age discrimination claims with prejudice and denying, as futile, permission to file another amended complaint. <u>See</u> Ex. 5.  As for the Rehabilitation Act claim which Mr. Bush raises in this action, the <u>Strolberg</u> court determined he had not exhausted required administrative remedies and dismissed that claim without prejudice.  <u>See</u> Ex. 6 at 16.

Mr. Bush did not join the appeal of these decisions filed by several defendants.  <u>See</u> Ex. 6 (notice of appeal dated February 14, 2005).  Instead, he filed this six-count Complaint on April 26, 2005.  <u>See</u> <u>generally</u> Complaint (Paper 1).  In response to the defendant's summary judgment motion, he has abandoned four of his claims, now arguing that only his "due process" and "Rehabilitation Act" claims remain viable because he "has never had an adjudication on the merits" of these particular claims. <u>See</u> Pl.'s Brief (Paper 11) at 1-2; Pl.'s Statement of Disputed Material Facts (Paper 12-1) at 2.

4

Discussion

The defendant argues, inter alia, this complaint is barred by res judicata. Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Leather v. Eyck, 180 F.3d 420, 424 (2d Cir. 1999) (citations and quotations omitted).

Whether a first judgment will have res judicata effect in a subsequent filed action depends on whether the same underlying facts are at issue. "A first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997) (quoting Securities and Exch. Comm'n v. First Jersey Secs., Inc., 101 F.3d 1450, 1463 (2d Cir. 1996)).

Mr. Bush's current claims are basically the same as the claims he asserts in the Idaho action; they are based on the same transactions or conduct by the defendant. Because the plaintiff did not join the appeal pursued by other Strolberg plaintiffs, the Idaho court's determinations are final as they relate to Mr. Bush. See Northern Assurance Co. of America v. Square D Co., 201

F.3d 84, 88 (2d Cir. 2000) ("the actual decision denying leave to amend is no more than a proxy to signify at what point claims may have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit"); EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 399-400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff failed to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint.").

Therefore, even though the plaintiff did not raise his due process claim in the Idaho litigation, the application of res judicata bars him from attempting to raise that claim here.  In subsequent litigation, "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata."  Anaconda-Ericsson Inc. v. Hessen, 762 F.2d 185, 193 (2d Cir. 1985).

Only the plaintiff's claim under the Rehabilitation Act is not subject to dismissal.  The Strolberg court specifically indicated that cause of action was dismissed "without prejudice" because the plaintiff had not exhausted administrative remedies. "It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim."  Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996); see Arnold Graphics Indus., Inc. v. Indep. Agent Center, Inc., 775 F.2d 38, 41 (2d Cir. 1985)

("the dismissal of ETC for lack of personal jurisdiction has no res judicata effect because it was not a final judgment on that issue").

## Conclusion

The Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. All plaintiff's claims, with the exception of his claim pursuant to the Rehabilitation Act, are barred by res judicata, because they were or could have been raised in the <u>Strolberg</u> litigation.

The parties shall jointly prepare and file a proposed stipulated discovery schedule <u>on or before September 30, 2005</u>.

SO ORDERED.

Dated at Brattleboro, Vermont, this 12th day of September, 2005.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge