```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF VERMONT
```

```
KENNETH BUSH,                          :
        Plaintiff                      :
                                       :
    v.                                 :   Civil No. 1:05CV108
                                       :
ALBERTO GONZALES, in his               :
official capacity as United            :
States Attorney General,               :
        Defendant                      :
```

## RULING ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
(Paper 20)

This matter has been the subject of a September 12, 2005, Ruling on Motion for Summary Judgment (Paper 18), familiarity with which is presumed. As a result of this Court's prior ruling, the sole remaining issue is the plaintiff's claim that the defendant's actions violated the Rehabilitation Act, 29 U.S.C. § 791.

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has an initial burden of informing the Court of the basis for his motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Where, as here, a motion for summary judgment is

1

supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial.  See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

    Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried.  See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the moving party's favor.  Id.  "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

Plaintiff Kenneth Bush maintains AKAL Security, Inc.'s (hereinafter "AKAL") decision to terminate his employment because of his undisputed decreased ability to hear certain sounds and distinguish soft speech violated his rights under the Rehabilitation Act.  As a threshold argument, the government maintains the plaintiff has failed to exhaust his administrative remedies, and therefore his Rehabilitation Act claim is barred. See, e.g., Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999).  As the plaintiff suggests, the government's "exhaustion" argument is curious.  See Affidavit of Robert Huntley (Paper 29) at Ex. 1, p. 3 (letter to plaintiff's attorney from EEOC staff which explains that "your client does not have standing . . . to proceed in the federal complaints system" and therefore "your client's complaint is not within the jurisdiction of federal EEO complaint procedures . . . "); Plaintiff's Opposition (Paper 27) at Ex. B (letter from AKAL stating that the Marshals Service takes the position that CSOs are "contractors" who do not have the right to appeal a "medically disqualified" determination).

The exhaustion argument notwithstanding, the Court finds the government is entitled to summary judgment on the merits of the plaintiff's remaining Rehabilitation Act claim.  The Rehabilitation Act bars discrimination based on "disability." See 29 U.S.C. § 794(a).  "A plaintiff makes out a prima facie

case of discrimination under the Act by showing: 1) []he is a handicapped person under the Act; 2) []he is otherwise qualified to perform h[is] job; 3) []he was discharged because of h[is] handicap; and 4) the employer is a recipient of Federal financial assistance."  Heilweil v. Mt. Sinai Hosp., 32 F.3d 718, 722 (2d Cir. 1994).

Whether one is "handicapped" or "disabled" is a two-pronged inquiry.  "It must first be determined whether a plaintiff has a physical or mental impairment.  If so, it must then be decided whether such impairment substantially limits one or more of that person's major life activities."  Id.  Plaintiff has not made a prima facie showing that his hearing impairment "substantially limits" one or more of his major life activities and therefore has not demonstrated he is disabled under the Rehabilitation Act.

As defined in the Americans with Disabilities Act, and as applied to actions under the Rehabilitation Act, an impairment which "substantially limits" is one which is "substantial" or "considerable."  Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 196 (2002).  Such an impairment "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives."  Id. at 198.

Thus, "a medical diagnosis of an impairment" alone is insufficient to prove protected disability status; one must also offer evidence that as a result of the claimed limitation, he

cannot "perform a major life activity that the average person in the general population can perform." 29 C.F.R. § 1630.2(j)(1)(I).  Moreover, "[a] person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity" within the meaning of the Rehabilitation Act. Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999).

Using the applicable ADA standard, the Supreme Court has further explained:

> By its terms, the ADA allows employers to prefer some physical attributes over others and to establish physical criteria.  An employer runs afoul of the ADA when it makes an employment decision based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity.  Accordingly, an employer is free to decide that physical characteristics or medical conditions that do not rise to the level of an impairment – such as one's height, build, or singing voice - are preferable to others, just as it is free to decide that some limited, but not substantially limiting, impairments make individuals less than ideally suited for a job.

Id. at 490-91 (emphasis in original).

That reasoning applies to this case.  AKAL and the Marshals Service have determined that, to ensure effective court security, its CSOs must have a variety of physical attributes, including good hearing.  Absent evidence in the record which demonstrates the plaintiff is actually or perceived as substantially disabled, the fact that he cannot meet the physical requirements for the job of CSO simply means he cannot secure that one particular

position. The fact that AKAL has found the plaintiff unsuitable to serve as a CSO, in and of itself, does not demonstrate the existence of an impairment which otherwise substantially limits his major life activity of working, thereby bringing him within the protections afforded by the Rehabilitation Act. See, e.g., Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999) ("to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job"); Heilweil, 32 F.3d at 724 (plaintiff deemed "not handicapped" under the Rehabilitation Act "[b]ecause her asthmatic condition did not substantially limit a major life activity - either her ability to breathe or work"); Muller v. Costello, 187 F.3d 298, 313 (2d Cir. 1999) ("The position of correctional officer constitutes a single, particular job, and a limitation on a single, particular job cannot constitute a substantial limitation of the major life activity of working."); Daley v. Koch, 892 F.2d 212, 216 (2d Cir. 1989) (individual "found to hold personality traits that made him unsuitable" to be a police officer was not handicapped "simply because he was rejected for employment").

    The Motion For Summary Judgment is GRANTED. The Motion to Dismiss is DENIED as moot.

    SO ORDERED.

Dated at Brattleboro, Vermont, this 12th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge